IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-____ |
| | ) | |
| KEVIN MATTHEW FLANNERY, | ) | JUDGE _____ |
| MARGARET ANNE FLANNERY, and | ) | |
| KEITH MICHAEL FLANNERY | ) | |

## INDICTMENT

### COUNT ONE

### THE CONSPIRACY

The Grand Jury charges that:

1. From on or about the 20th day of June, 2001, the exact date being unknown to the Grand Jury, and continuing until on or about the 2nd day of November, 2006, in the Eastern District of Tennessee, **KEVIN MATTHEW FLANNERY, MARGARET ANNE FLANNERY,** and **KEITH MICHAEL FLANNERY**, defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, to wit, income taxes.

### PARTIES, PERSONS AND ENTITIES

At all relevant times,

2. X.M.K.M. Enterprises, Inc., doing business as Famous Fries (hereinafter "Famous Fries"), was a family run business and a Tennessee corporation doing business at 716 Parkway, Suite 110, Gatlinburg, Tennessee.

3. M.K.M.K. Associates, Inc., doing business as Southland Car and Jeep Rental (hereinafter "Southland Car and Jeep Rental"), was a family run business and a Tennessee corporation doing business at 1011 East Parkway, Gatlinburg, Tennessee.

4. Defendant **KEVIN MATTHEW FLANNERY** was a resident of Gatlinburg, Tennessee who purchased the business Famous Fries and later incorporated it as X.M.K.M. Enterprises, Inc. on March 23, 1998. In addition, **KEVIN MATTHEW FLANNERY** purchased the property located at 1011 East Parkway on September 18, 1995, and incorporated M.K.M.K. Associates, Inc., doing business as Southland Car and Jeep Rental, on March 23, 1998. **KEVIN MATTHEW FLANNERY** is listed as the Treasurer of Southland Car and Jeep Rental and was responsible for conducting the business of said corporation. **KEVIN MATTHEW FLANNERY** was also the registered agent with the State of Tennessee for both X.M.K.M. Enterprises, Inc. doing business as Famous Fries, and M.K.M.K. Associates, Inc., doing business as Southland Car and Jeep Rental.

5. Defendant **MARGARET ANNE FLANNERY,** wife of **KEVIN MATTHEW FLANNERY,** was President of X.M.K.M. Enterprises, Inc., doing business as Famous Fries, and conducted the business of the corporation and was responsible for the daily operation of the business.

6. **KEITH MICHAEL FLANNERY**, son of **KEVIN MATTHEW FLANNERY** and **MARGARET ANNE FLANNERY,** was Vice President of Famous Fries, had worked at Famous Fries and in 2006 was the listed real estate agent for Famous Fries and attempted to sell Famous Fries to an undercover agent, emphasizing that the business was a cash business in which a person could receive cash and not report all of the monies to the Internal Revenue Service.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

7. **KEVIN MATTHEW FLANNERY** and **MARGARET ANNE FLANNERY** maintained two sets of books and records for Southland Car and Jeep Rental and Famous Fries, one set of books and records being income schedules of the actual gross income earned by Southland Car and Jeep Rental and Famous Fries and another set of books and records containing fabricated gross income figures for Southland Car and Jeep Rental and Famous Fries, which severely under-reported the Flannerys' gross income for these businesses.

8. The first set of books and records for Southland Car and Jeep Rental and Famous Fries kept by **KEVIN MATTHEW FLANNERY** and **MARGARET ANNE FLANNERY** were kept at the Flannerys' home and kept for their personal use so that they would know the true financial condition of Southland Car and Jeep Rental and Famous Fries. The second set of books and records, which contained significantly lower gross income figures, were used to provide false income figures to their accountants so that these false figures would be reported to the Internal Revenue Service.

9. **KEITH MICHAEL FLANNERY** has been employed and associated with both businesses and not only was aware of the two sets of books and records for each business but, along with **KEVIN MATTHEW FLANNERY**, attempted to sell Famous Fries for a good profit because of the value of Famous Fries as a business where one could make cash income and not report all of the income to the Internal Revenue Service.

10. It was further part of the conspiracy that **KEVIN MATTHEW FLANNERY, MARGARET ANNE FLANNERY,** and **KEITH MICHAEL FLANNERY** would and did

perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

**OVERT ACTS**

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Eastern District of Tennessee, and elsewhere:

10. On or about August 14, 2003, **KEVIN MATTHEW FLANNERY** signed Internal Revenue Service Form 1120, U.S. Corporation Income Tax Return (hereinafter "Form 1120") for M.K.M.K. Associates, Inc., knowing that said Form 1120 failed to report the actual gross income of M.K.M.K. Associates, Inc., for the tax year 2002.

11. On or about August 11, 2004, **KEVIN MATTHEW FLANNERY** signed Internal Revenue Service Form 1120 for M.K.M.K. Associates, Inc., knowing that said Form 1120 failed to report the actual gross income of M.K.M.K. Associates, Inc., for the tax year 2003.

12. On or about September 26, 2006, **KEVIN MATTHEW FLANNERY** signed Internal Revenue Service Form 1120 for M.K.M.K. Associates, Inc., knowing that said Form 1120 failed to report the actual gross income of M.K.M.K. Associates, Inc., for the tax year 2005.

13. On or about June 13, 2003, **MARGARET ANNE FLANNERY** signed Internal Revenue Service Form 1120-A, U.S. Corporation Short-Form Tax Return (hereinafter "Form 1120-A") for X.M.K.M. Enterprises, Inc., knowing that said Form 1120-A failed to report the actual gross income of X.M.K.M. Enterprises, Inc., for the tax year 2002.

14. On or about July 14, 2004, **MARGARET ANNE FLANNERY** signed Internal Revenue Service Form 1120-A for X.M.K.M. Enterprises, Inc., knowing that said Form 1120-A failed to report the actual gross income of X.M.K.M. Enterprises, Inc., for the tax year 2003.

15. On or about June 13, 2005, **MARGARET ANNE FLANNERY** signed Internal Revenue Service Form 1120-A for X.M.K.M. Enterprises, Inc., knowing that said Form 1120-A failed to report the actual gross income of X.M.K.M. Enterprises, Inc., for the tax year 2004.

16. On or about June 11, 2006, **MARGARET ANNE FLANNERY** signed Internal Revenue Service Form 1120-A for X.M.K.M. Enterprises, Inc., knowing that said Form 1120-A failed to report the actual gross income of X.M.K.M. Enterprises, Inc., for the tax year 2005.

17. From on or about June 20, 2001, to November 2, 2006, the exact dates being unknown to the Grand Jury, **MARGARET ANNE FLANNERY,** kept and maintained two sets of books and records for Famous Fries and **KEVIN MATTHEW FLANNERY** kept and maintained two sets of books and records for Southland Car and Jeep Rental.

18. From on or about June 20, 2001, to November 2, 2006, the exact dates being unknown to the Grand Jury, **MARGARET ANNE FLANNERY** and **KEITH MICHAEL FLANNERY**, did exclusively deal in cash for all business transactions at Famous Fries.

19. From on or about June 20, 2001, to November 2, 2006, the exact dates being unknown to the Grand Jury, **MARGARET ANNE FLANNERY** did provide false information to the accountants who prepared the corporate tax returns for Famous Fries.

20. From on or about June 20, 2001, to November 2, 2006, the exact dates being unknown to the Grand Jury, **KEVIN MATTHEW FLANNERY** did provide false information to the accountant who prepared the corporate tax returns for Southland Car and Jeep Rentals.

21. On or about August 24, 2006, **KEITH MICHAEL FLANNERY** attempted to sell Famous Fries to an Internal Revenue Service undercover agent, emphasizing that the business was a cash business in which a person could receive cash and not report all of it to the Internal Revenue

Service, and **KEITH MICHAEL FLANNERY** stated that a person could skim two-thirds of the income from Famous Fries.

[All in violation of Title 18, United States Code, Section 371]

## COUNT TWO

The Grand Jury further charges that on or about the 18th day of August, 2003, in the Eastern District of Tennessee, **KEVIN MATTHEW FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120, U.S. Corporation Income Tax Return, (hereinafter "Form 1120") for M.K.M.K. Associates for tax year 2002, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120 he did not believe to be true and correct as to every material matter in that said Form 1120 stated that the gross receipts or sales of M.K.M.K. Associates, Inc., for tax year 2002 was $113,564, whereas, as he then and there well knew and believed, the gross receipts or sales of M.K.M.K. Associates, Inc. for tax year 2002 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT THREE

The Grand Jury further charges that on or about the 15th day of August, 2004, in the Eastern District of Tennessee, **KEVIN MATTHEW FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120 for M.K.M.K. Associates for tax year 2003, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120 he did not believe to be true and correct as to every material matter in that the said Form 1120 stated that the gross receipts or sales of M.K.M.K. Associates, Inc. for tax year 2003 was $119,926, whereas, as he then and there well knew and

believed, the gross receipts or sales of M.K.M.K. Associates, Inc. for tax year 2003, was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT FOUR

The Grand Jury further charges that on or about the 2nd day of October, 2006, in the Eastern District of Tennessee, **KEVIN MATTHEW FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120 for M.K.M.K. Associates for tax year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120 he did not believe to be true and correct as to every material matter in that the said Form 1120 stated that the gross receipts or sales of M.K.M.K. Associates, Inc. for tax year 2005, was $143,773, whereas, as he then and there well knew and believed, the gross receipts or sales of M.K.M.K. Associates, Inc. for tax year 2005 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT FIVE

The Grand Jury further charges that on or about the 16th day of June, 2003, in the Eastern District of Tennessee, **MARGARET ANNE FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120-A, U.S. Corporation Short-Form Income Tax Return, (hereinafter "Form 1120-A") for X.M.K.M. Enterprises, Inc. for tax year 2002, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120-A she did not believe to be true and correct as to every material matter in that the said Form 1120-A stated that the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2002 was $74,688, whereas, as she then and there well knew

and believed, the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2002 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT SIX

The Grand Jury further charges that on or about the 18th day of July, 2004, in the Eastern District of Tennessee, **MARGARET ANNE FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120-A for X.M.K.M. Enterprises, Inc. for tax year 2003, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120-A she did not believe to be true and correct as to every material matter in that the said Form 1120-A stated that the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2003 was $77,403, whereas, as she then and there well knew and believed, the gross receipts or sales of X.M.K.M. Enterprises, Inc., for tax year 2003 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT SEVEN

The Grand Jury further charges that on or about the 20th day of June, 2005, in the Eastern District of Tennessee, **MARGARET ANNE FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120-A for X.M.K.M. Enterprises, Inc. for tax year 2004, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120-A she did not believe to be true and correct as to every material matter in that the said Form 1120-A stated that the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2004 was $99,997, whereas, as she then and there well

knew and believed, the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2004 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

## COUNT EIGHT

The Grand Jury further charges that on or about the 19th day of June, 2006, in the Eastern District of Tennessee, **MARGARET ANNE FLANNERY**, a resident of Gatlinburg, Tennessee, did willfully make and subscribe to Form 1120-A for X.M.K.M. Enterprises, Inc. for tax year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120-A she did not believe to be true and correct as to every material matter in that the said Form 1120-A stated that the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2005, was $78,573, whereas, as she then and there well knew and believed, the gross receipts or sales of X.M.K.M. Enterprises, Inc. for tax year 2005 was in fact significantly greater than reported.

[Title 26, United States Code, Section 7206(1)]

TRUE BILL:

      *s/Foreperson*
FOREPERSON

JAMES R. DEDRICK
UNITED STATES ATTORNEY

By:   *s/J. Edgar Schmutzer*
     J. Edgar Schmutzer
     Assistant U.S. Attorney