UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-92 |
| | ) | (PHILLIPS/GUYTON) |
| KEVIN MATTHEW FLANNERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Joint Motion for Witness List [Doc. 27] filed by Defendants Kevin Matthew Flannery, Keith Michael Flannery, and Margaret Anne Flannery ("the Defendants") on November 23, 2009. The parties appeared before the undersigned for a hearing on the Defendants' Motion on May 18, 2010. Assistant United States Attorneys J. Edgar Schmutzer, Tracy L. Gostyla, and Rebecca A. Perlmutter were present on behalf of the Government. Attorney Michael T. Dawkins was present on behalf of Defendant Kevin Matthew Flannery. Attorney A. Philip Lomonaco was present on behalf of Defendant Keith Michael Flannery. Attorneys David M. Eldridge and Loretta G. Cravens were present on behalf of Defendant Margaret Anne Flannery. All three Defendants were also present.

The Defendants' Motion seeks an order from the Court "directing the Government to provide the Defendants with a list of Government witnesses at least thirty (30) days prior to the trial" of this case. [Doc. 27 at 1]. The Defendants assert that the Court has the inherent power to order the pretrial disclosure of a witness list. [Doc. 28 at 2] ("The power of the Court to compel disclosure of Government trial witness lists in criminal cases is inherent in the Court, rather than encompassed within the rules of criminal procedure.") (citing, *inter alia*, United States v. Kendricks, 623 F.2d 1165, 1168-69 (6th Cir. 1980)). The Defendants urge the Court to exercise its power to order disclosure in this case because (1) the Defendants have limited resources to prepare for trial, [Doc. 27 at 1]; (2) disclosure would pose no risk to the witnesses and would not prejudice the Government, [Doc. 27 at 1]; and (3) the administration of the trial "will be greatly simplified" if the Defendants are provided with a witness list in advance, [Doc. 28 at 6]. The Defendants represent that there is "nothing about [them] that gives any reason to believe that they pose any possible threat to a potential Government witness." [Doc. 28 at 2].

The Government opposes the Defendants' Motion. It states simply that the Court of Appeals for the Sixth Circuit "has firmly established that under case law and Federal Rule of Criminal Procedure 16, '[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the Government's witnesses.'" [Doc. 52 at 2] (quoting United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993)). The Government essentially contends that the Defendants have not shown any reason justifying a departure from the usual rule that "defendants are not entitled pretrial to a list of Government witnesses." [Doc. 52 at 3].

As this Court has previously recognized, "[t]here appears to be some tension in the [Sixth Circuit] case law regarding whether a court has the discretion to order the Government to produce

a witness list even though Rule 16 does not require it." United States v. Tyler, 2009 WL 1010932, at *4 (E.D. Tenn. 2009); compare Kendricks, 623 F.2d at 1168 ("It is well-recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right, although the district court has discretion to order the prosecution to produce it.") (citations omitted) with United States v. Presser, 844 F.2d 1275, 1285 ("[T]he discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions. The rule provides no authority for compelling the pre-trial disclosure of . . . any other evidence not specifically mentioned in the rule."); see also Presser, 844 F.2d at 1285 ("a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it").

Assuming the Court has the authority to order pretrial disclosure of a witness list, the Government is correct that ordering such disclosure is not ordinarily warranted. Perkins, 994 F.2d at 1190 (citing Fed. R. Crim. P. 16); see also United States v. Henley, 2010 WL 1438902, at *2 (E.D. Mich. April 9, 2010) (stating that it is a "general rule" that defendants are not entitled to a pretrial list of government witnesses). The Court of Appeals for the Sixth Circuit has offered no guidance with regard to the question of when, if ever, it may be appropriate for a district court to order disclosure. The Court of Appeals has neither expressly stated factors that a district court should consider when evaluating a defendant's request for a witness list, nor provided instructive examples of circumstances under which ordering the production of a list is warranted.

Due to the reticence of the Court of Appeals, the Defendants urge this Court to utilize a decision-making framework developed by other courts around the country. The Defendants assert that "[c]ourts have set forth a checklist of factors to be considered in making the determination of whether a witness list should be ordered." [Doc. 28 at 3]. The Defendants set out the factors as

follows: (1) whether the offense alleged in the indictment involved a crime of violence; (2) whether the defendant has ever been arrested or convicted for crimes of violence; (3) whether the evidence in the case largely consists of testimony relating to documents; (4) whether there is a realistic probability that supplying the witnesses' names prior to trial will increase the likelihood that the witnesses will fail to appear or be unwilling to testify at trial; (5) whether the indictment alleges offenses occurring over an extended period of time; and (6) whether the defendant has limited funds with which to investigate and prepare his defense. See [Doc. 28 at 4-5].

The Court agrees that the factors enumerated by the Defendants are relevant to the question of whether pretrial disclosure of a witness list is appropriate. However, the Court of Appeals for the Sixth Circuit has not endorsed the Defendants' suggested factor analysis. Further, this Court is not convinced that the six factors above fairly comprise an exhaustive statement of what should be considered by a district court in the exercise of its discretion.

The default rule in this Circuit remains that "defense counsel is not entitled to know in advance of trial who will testify for the Government." United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984). This Court has repeatedly indicated that deviation from this default rule is warranted only in "unusual" circumstances. United States v. Bennett, 2008 WL 701644, at *7-8 (E.D. Tenn. 2008) ("Assuming that this Court has discretion to order disclosure of the Government's witness list, the Court finds that [the defendant]'s case does not present circumstances so unusual as to warrant such an order."); United States v. Hampton, 2008 WL 444672, at * 1 (E.D. Tenn. 2008) ("the Court does not find this case so unusual as to require such early disclosure"); United States v. Melgar, 2008 WL 3473913, at *2 (E.D. Tenn. 2008) ("the Court does not find this case so unusual as to require such early disclosure"); Tyler, *supra*, 2009 WL 1010932, at *4 ("the

defendant's case does not present circumstances so unusual as to warrant" ordering disclosure of the Government's witness list).

The Court finds that the Defendants have simply not shown that the circumstances of this case are unusual. The Defendants assert that they should receive the Government's witness list in advance of trial because they have limited resources to prepare for trial, [Doc. 27 at 1], and because the administration of the trial "will be greatly simplified," [Doc. 28 at 6]. These assertions do not persuade the Court that this case is unusual. Many criminal defendants have limited resources, and perhaps every trial would be more smoothly administered if witness lists were produced in advance. "Certainly, [the Defendants] would be better prepared to meet the Government's accusations if [they] had more information about the witnesses [they] may face at trial. This, however, does not distinguish [the Defendants] from most, if not all, criminal defendants." Tyler, *supra*, 2009 WL 1010932, at *4.

Accordingly, the Court concludes that the Defendants have failed to show that an order compelling the Government to produce a witness list in advance of the trial is warranted in this case. The Defendants' Joint Motion for Witness List **[Doc. 27]** is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

          s/ H. Bruce Guyton
United States Magistrate Judge