IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-92 |
| | ) | |
| KEVIN MATTHEW FLANNERY, and | ) | (PHILLIPS/GUYTON) |
| MARGARET ANNE FLANNERY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Kevin Flannery's Motion to Suppress Statements of Alleged Co-conspirator and Motion for an <u>Enright</u> Hearing [Doc. 22] and Defendant Margaret Flannery's Motion to Suppress Statements of Alleged Co-conspirators or in the Alternative Motion for an <u>Enright</u> Hearing [Doc. 29], both of which were filed on November 23, 2009. The Court held a hearing on all pending motions on May 18, 2010. Assistant United States Attorneys J. Edgar Schmutzer, Tracy L. Gostyla, and Rebecca A. Perlmutter appeared on behalf of the Government. Attorney Michael T. Dawkins represented Defendant Kevin Flannery. Attorneys David M. Eldridge and Loretta G. Cravens represented Defendant Margaret Flannery. Both Defendants were also present. Following the motion hearing, Defendant Kevin Flannery [Doc. 69] and Defendant Margaret Flannery [Doc. 71] submitted post-hearing briefs on June 11, 2010. The transcript [Doc. 73] of the May 18 motion hearing was filed on June 16, 2010. The Court took the

1

motions, briefs, and evidence under advisement on June 17, 2010.

## I. BACKGROUND

Defendants Margaret and Kevin Flannery, husband and wife, stand indicted [Doc. 60] along with Codefendants Keith and Melissa Flannery, their adult children, with conspiracy (Count One) to defraud the United States with the purpose of impeding the lawful functions of the Internal Revenue Service (IRS) in ascertaining, computing, assessing, and collecting income taxes from January 1, 2001, through November 2, 2006. Defendant Kevin Flannery is charged with three counts (Counts Two through Four) of willfully subscribing to false corporate income tax returns for tax years 2002, 2003, and 2005. Defendant Margaret Flannery is charged with four counts (Counts Five through Eight) of willfully subscribing to false corporate income tax returns for tax years 2002, 2003, 2004, and 2005.

The Superseding Indictment alleges that the four Defendants each owned twenty-five percent of a family-run business called Famous Fries. According to the Indictment, Defendant Margaret Flannery was the president of Famous Fries, conducted the business of Famous Fries, and was responsible for its daily operations. The Indictment further alleges that Defendant Keith Flannery was the vice president of Famous Fries and worked there "from time to time." In the summer of 2006, Keith Flannery served as the real estate agent listing Famous Fries for sale and attempted to sell Famous Fries to an undercover IRS agent. According to the allegations in the Indictment, Keith Flannery told the undercover agent that Famous Fries was "a cash business in which a person could receive cash and not report all of the monies to the IRS" and that "a person could skim two-thirds of the income from Famous Fries." The parties proffer that the undercover

2

agent recorded both audio and video from his meetings with Keith Flannery and a subsequent meeting with Keith and Kevin Flannery. The Defendants seek to exclude these recorded statements.[1]

## II. POSITIONS OF THE PARTIES

Defendants Kevin and Margaret Flannery ask that the Court hold a pretrial hearing to determine whether the recorded statements to the undercover agents should be excluded from the trial of this case. They argue these statements are inadmissible hearsay and that the admission of these statements by their codefendants would violate their Sixth Amendment right to confront the witnesses against them. They contend that the statements in question do not qualify as non-hearsay admissions by a party under Rule 801(d)(2)(E) of the Federal Rules of Evidence because (1) they were not made by a coconspirator and (2) they were not made in furtherance of the conspiracy alleged in the Superseding Indictment. The Defendants request that the admissibility of the recorded statements be determined before trial in an "Enright hearing." They argue that if the District Court provisionally admits the statements at trial, subject to the Government proving the conspiracy by the conclusion of its case-in-chief, then they will be prejudiced because the jury will have been exposed to inadmissible statements, which constitute the primary proof against them.

The Government responds that a pretrial Enright hearing would be a waste of judicial and economic resources. It maintains that the Defendants have failed to show any specific prejudice that would result from the provisional admission of the recorded statements at trial. With regard to

---

[1]The Government [Doc. 67, Exhs.A-D] and Defendant Kevin Flannery [Doc. 69, Exhs. A-D] submitted transcripts of the recorded telephone calls from July and August 2006 and two recorded meetings that occurred on August 24, 2006.

the substantive question of the admissibility of the statements, the Government contends that the recorded statements were made by a coconspirator during and in furtherance of the conspiracy. It asserts that the conspiracy to defraud the United States is broader than what the Defendant's argue. In its brief [Doc. 49], the Government marshals evidence that it contends supports a good faith belief in the existence of the conspiracy and the roles of the four Defendants therein. Finally, the Government states that aside from Rule 801(d)(2)(E), it may try to have the recorded statements admitted as other non-hearsay or under one of the hearsay exceptions.

### III. ANALYSIS

The Court begins by defining the limits of the decision it undertakes. At this juncture, the Court is not deciding whether the statements of Keith and Kevin Flannery on the audio and video recordings of the telephone calls and meetings with an undercover agent (hereinafter, "the recorded statements") are admissible as statements of coconspirators during the course of and to further the conspiracy. See Fed. R. Evid. 801(d)(2)(E). This determination, as counsel for Defendant Margaret Flannery agreed at the May 18 hearing, is a matter for the District Court to undertake in the context of the evidence presented by the parties. The question before this Court is whether the District Court's determination should take place before trial or during the trial. With that clarification in place, the Court proceeds to analyze the issue.

The Federal Rules of Evidence require that for a statement of a coconspirator to be admissible non-hearsay, the statement must be made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three potential procedures for resolving the admissibility of alleged coconspirator statements: (1) holding a pretrial hearing,

4

(2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement,[2] and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). The Defendants refer to the pretrial hearing listed in option number one as an Enright hearing. The Court observes, and the parties agree, that it is the historical practice in this district to use the third of these options, which the Court will refer to as the provisional admission option. While acknowledging this historical practice, the Defendants argue that this case is exceptional because they will suffer specific, serious, and irreparable prejudice if the Court proceeds by the provisional admission option, rather than by an Enright hearing.

   Our Court of Appeals for the Sixth Circuit has observed that Enright hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." Vinson, 606 F.2d at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." Id. The decision of which of the Vinson options to use falls squarely within the district judge's sound discretion. United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). District Judge Thomas W. Phillips, the district judge in this case, has declined to conduct an Enright hearing if the proponents of the hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. United States v. Martin, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008) (order adopting

---

[2]Neither party favors this second option, and the Government emphasizes that the summary of evidence of the conspiracy, which it provides in its response [Doc. 49], is not meant to be a fulfillment of this second option.

5

magistrate judge's denial of an Enright hearing). The Government argues that the Defendants have failed to raise any specific prejudice arising from use of the provisional admission option in this case.

The Defendants argue that the specific prejudice arising from the provisional admission option will be the contamination of the jury through exposure to inadmissible evidence. They maintain that once the District Court determines that the recorded statements are inadmissible at the end of the Government's case-in-chief, the jury will be asked by means of a limiting instruction to disregard the Government's key evidence of the skimming of funds from Famous Fries. They argue that the import of the recorded statements ripples through other aspects of the case: The recorded statements were a basis for obtaining the search warrants for the Defendants' homes and businesses, which led to the discovery of the double sets of books, which constitutes the evidence that the Government will use to prove the underpayment of taxes. In essence, the Defendants argue that the recorded statements are the "heart" or the "crux" of the Government's case and the jury will not be able to ignore this evidence, if it is ultimately excluded, even if instructed to do so. Additionally, Defendant Margaret Flannery contends that the familial relationship between the declarants (Keith and Kevin Flannery) of the recorded statements will cause the jury to infer her guilt from the statements, even if it is asked to disregard the statements in a limiting instruction. In other words, the Defendant's argue that if the provisional admission of the recorded statements turns out to be an error, the result will be a mistrial.

The Court of Appeals for the Sixth Circuit has contemplated that a mistrial may be the ultimate result of the provisional admission of coconspirator statements. "If, [after provisionally admitting the statements at issue], the court finds that the government has failed to carry its burden

[of proving all the elements of Rule 801(d)(2)(E)], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Vinson, 606 F.2d at 153. Thus, the fact that a mistrial could be the ultimate result is not a "prejudice" specific to these Defendants or this case but exists every time the provisional admission method is employed. Moreover, the Court does not find the inadmissibility of the recorded statements or the resulting mistrial to be a foregone conclusion, especially in light of the Government's proffered evidence of the existence of the conspiracy and the Defendants' roles therein in its response [Doc. 49]. Accordingly, the Court finds that the Defendants have not shown that the provisional admission option will cause them some prejudice unique to this case.

Finally, the Court believes it worth noting that the Defendants make strong and somewhat novel arguments for the exclusion of the recorded statements as inadmissible hearsay. Essentially, they contend that Keith Flannery's statement about something his parents did in the past (i.e., skimmed cash from Famous Fries) made to a person who is not a coconspirator (the undercover agent) is not a statement *in furtherance of* the conspiracy. They also contend that Keith Flannery merely observed the conspiracy, rather than participated in it. The Court does not find these arguments to be too complicated to address under the provisional admission option and observes that the points and cases discussed in the Defendants' legal memoranda [Docs. 23, 30, and 56] will aid the District Court in focusing on this issue.

### IV. CONCLUSION

Because the Defendants' request [Docs. 22 and 29] to exclude the recorded statements relates directly to trial procedures and/or the admissibility of evidence at trial, the Court

7

defers to the historical practice of the District Court to permit the Government to present the coconspirator statements before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, Defendant Kevin Flannery's Motion to Suppress Statements of Alleged Co-conspirator and Motion for an <u>Enright</u> Hearing [**Doc. 22**] and Defendant Margaret Flannery's Motion to Suppress Statements of Alleged Co-conspirators or in the Alternative Motion for an <u>Enright</u> Hearing [**Doc. 29**] are **DENIED in part** in that the Court declines to order a pretrial <u>Enright</u> hearing at this time. The Court notes that the parties are free to renew their request for a different procedure with the District Court before or during the trial. To the extent that the motions alternatively seek the exclusion of the recorded statements, they [**Docs. 22 and 29**] are **DEFERRED in part** to the District Court.

    **IT IS SO ORDERED.**

                                          ENTER:

                                                       s/ H. Bruce Guyton
                                          United States Magistrate Judge