UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-92 |
| | ) | |
| MARGARET ANNE FLANNERY, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Margaret Flannery's Motion to Sever for Unfair Prejudice [Doc. 37], filed on December 14, 2009. The Court heard argument on all pending pretrial motions on May 18, 2010. Assistant United States Attorneys J. Edgar Schmutzer, Tracy L. Gostyla, and Rebecca A. Perlmutter appeared on behalf of the Government. Attorneys David M. Eldridge and Loretta G. Cravens represented Defendant Margaret Flannery, who was also present. The transcript [Doc. 73] of the motion hearing was filed on June 16, 2010. The Court took the motions, briefs, and arguments under advisement on June 17, 2010.

Defendant Margaret Flannery stands indicted [Doc. 60] along with her husband Kevin Flannery and adult children Keith and Melissa Flannery with conspiracy (Count One) to defraud the United States with the purpose of impeding the lawful functions of the Internal Revenue Service (IRS) in ascertaining, computing, assessing, and collecting income taxes from January 1, 2001,

1

through November 2, 2006. Defendant Kevin Flannery is charged with three counts (Counts Two through Four) of willfully subscribing to false corporate income tax returns for tax years 2002, 2003, and 2005. Defendant Margaret Flannery is charged with four counts (Counts Five through Eight) of willfully subscribing to false corporate income tax returns for tax years 2002, 2003, 2004, and 2005.

Mrs. Flannery asks [Doc. 37] the Court to sever her trial from that of her codefendants, arguing that a joint trial would be unduly prejudicial under Rule 14, Federal Rules of Criminal Procedure. She contends that she will suffer specific, actual, and compelling prejudice in a joint trial from the admission of recorded statements by Keith and Kevin Flannery. She maintains she will not be able to cross-examine her codefendants about these statements, which she argues violates the spirit of United States v. Bruton, 391 U.S. 123 (1968). Moreover, she asserts that the admission of these statements against Keith and Kevin Flannery will raise the possibility that the jury will infer Mrs. Flannery's guilt from the statements of her codefendants in violation of her right to a fair trial. Finally, in oral argument, the Defendant raised the additional contention that the jury will hear a large amount of evidence about the business Southland, with which Ms. Flannery was not involved. She contends that this evidence, which is irrelevant to her, creates the risk that the jury will become confused.

The Government responds [Doc. 50] that Mrs. Flannery will not suffer substantial prejudice as a result of a joint trial. It contends that the recorded statements of Keith and Kevin Flannery are also admissible against Margaret Flannery as the statements of a coconspirator. Alternatively, it argues that even if the statements are not admissible against Mrs. Flannery, severance is not justified because the statements in question are not custodial statements subject to the protections in Bruton.

2

As such, the Government maintains that a limiting instruction to the jury will be sufficient to prevent the jury from considering this evidence against Mrs. Flannery.

Rule 8(b) provides that two or more defendants may be charged

> in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In the present case, the Court finds that the Defendants were properly joined in the same indictment because they are alleged to have participated in the same act or series of transactions, i.e., a conspiracy to defraud the United States over a period of nearly six years. See United States v. Smith, 197 F.3d 225, 230 (6th Cir. 1999) (observing that "[t]he general rule in conspiracy cases is that persons indicted together should be tried together"); see, e.g., United States v. Welch, 97 F.3d 142, 147-48 (6th Cir. 1996) (affirming denial of severance where defendant only named in three of twenty-nine counts stemming from a conspiracy to sell cocaine), cert. denied, 519 U.S. 1134 (1997). Margaret Flannery and Kevin Flannery are also alleged to have filed false income tax returns, actions that the Government claims in the indictment are overt acts in furtherance of the conspiracy. Thus, these counts are also part of the same series of transactions.

The general rule is that parties who are jointly indicted should be tried together. United States v. Davis, 809 F.2d 1194, 1207 (6th Cir. 1987); United States v. Dempsey, 733 F.2d 392, 398 (6th Cir. 1980). Joinder of defendants promotes judicial economy because there is almost always common evidence against the joined defendants. United States v. Phibbs, 999. F.2d 1053, 1067 (6th Cir. 1993). The Court finds this to be particularly true in a conspiracy case. Thus, the instant Defendants have been properly joined. Rule 14 permits severance of properly joined counts, if the

3

joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

The Defendant argues in essence that a single trial would prevent the jury from making a reliable determination of her guilt or innocence because a joint trial would permit the jury to consider evidence–the recorded statements–admissible only against her codefendants against her. The Superseding Indictment alleges that in the summer of 2006, Defendant Keith Flannery served as the real estate agent listing the Defendants' business[1] Famous Fries for sale and attempted to sell

---

[1]The Superseding Indictment alleges that the four Defendants each owned twenty-five percent of a family-run business called Famous Fries. According to the Indictment, Defendant Margaret Flannery was the president of Famous Fries, conducted the business of Famous Fries, and was responsible for its daily operations. The Indictment further alleges that Defendant Keith Flannery was the vice president of Famous Fries and worked there "from time to time."

4

Famous Fries to an undercover IRS agent. According to the allegations in the indictment, Keith Flannery told the undercover agent that Famous Fries was "a cash business in which a person could receive cash and not report all of the monies to the IRS" and that "a person could skim two-thirds of the income from Famous Fries." The parties proffer that the undercover agent recorded both audio and video from his meetings with Keith Flannery and a subsequent meeting with Keith and Kevin Flannery. Defendant Margaret Flannery argues that these recorded statements are not admissible against her as Federal Rule of Evidence 801(d)(2)(E) statements of a coconspirator made in furtherance of an ongoing conspiracy.

Whether the recorded statements of Keith and Kevin Flannery, are properly admissible as conconspirator statements under Rule 801(d)(2)(E) is a matter for the District Court to determine in the context of the evidence presented by the parties.[2] The undersigned notes that if the District Court finds that the recorded statements are admissible as coconspirator statements, they would be admissible against Defendant Margaret Flannery, provided that the Government can show by a preponderance of the evidence that she is a member of the conspiracy. Thus, if the recorded statements are coconspirator statements and Mrs. Flannery is found to be a member of the conspiracy, the recorded statements would be admissible against Margaret Flannery, whether she is tried jointly or separately from her codefendants. Moreover, the admission of these statements against Mrs. Flannery, despite her inability to cross-examine her codefendants, does not implicate the Confrontation Clause because "[c]o-conspirator statements in furtherance of a conspiracy are both inherently trustworthy and "firmly rooted" as excepted from exclusion as hearsay. United

---

[2]Defendants Kevin and Keith Flannery have also moved to suppress the recorded statements because they were made in violation of the Fourth Amendment. This Court has recommended [Doc. 77] that the District Court deny these motions to suppress.

States v. Mooneyham, 473 F.3d 280, 287 (6th Cir. 2007); see also United States v. Bartle, 835 F.2d 646, 652 n.3 (6th Cir. 1987) (observing that Supreme Court case law has made it clear that coconspirator statements are "'firmly rooted' enough in our jurisprudence to assuage any Bruton concerns"). Thus, the admission of coconspirator statements does not unduely prejudice Mrs. Flannery and is not a basis for severance.

The Government contends [Doc. 49] that if the District Court declines to admit the recorded statements under Rule 801(d)(2)(E), it may try to have the recorded statements admitted as other non-hearsay or under one of the hearsay exceptions. With respect to Mrs. Flannery's motion to be severed for trial, the Government argues that even if the recorded statements are not admissible against Margaret Flannery under Rule 801(d)(2)(E), their introduction at trial as evidence against Keith and Kevin Flannery would not prejudice Margaret Flannery because the jury could be instructed to consider them only with respect to determining the guilt of Keith and Kevin Flannery. Mrs. Flannery contends a limiting instruction would not overcome the risk that the jury would improperly consider the recorded statements against her because she would have no opportunity to cross-examine her codefendants who made the statements. She argues that the constitutional considerations advanced with respect to custodial statements in United States v. Bruton should apply equally in the instant case, even though the recorded statements are not custodial statements.

Typically, "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). The Supreme Court has held that the admission of a codefendant's confession, which also inculpates the defendant, in their joint

6

trial violates the confrontation right of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing codefendant. Bruton, 391 U.S. at 127. In Bruton, the Supreme Court observed that the "benefits of joint proceedings"–conservation of judicial funds, limiting inconvenience to witnesses, and preventing delay in the trial of a case–must give way to the defendant's constitutional rights to confrontation and a fair trial: "'[If w]e secure greater speed, economy and convenience in the administration of the law at the price of fundamental principles of constitutional liberty[, t]hat price is too high.'" Id. at 135 (quoting People v. Fisher, 164 N.E. 336, 341 (N.Y. 1928) (Lehman, J., dissenting)).

In Bruton, the Supreme Court stated that Rule 14 of the Federal Rules of Criminal Procedure contemplated that a non-testifying codefendant's statement that implicated the defendant was prejudicial to the defendant. Id. at 131-32. The Supreme Court observed that the 1966 amendment of Rule 14 of the Federal Rules of Criminal Procedure permits a court to order the government to present any statements or confessions that it intends to introduce at trial to allow the court to consider those statements with regard to their prejudicial effect on the codefendant. Id. at 131-32; see also Fed. R. Crim. P. 14(b). The Advisory Committee Notes on this amendment clarify that

> [a] defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice.

Fed. R. Crim. P. 14. Defendant Margaret Flannery contends that this same reasoning, advanced in the context of a custodial statement or confession, applies to a non-custodial statement of a non-testifying codefendant.

7

"In Crawford[ v. Washington, 541 U.S. 36, 68-69 (2004))], the Supreme Court announced a new standard for assessing whether hearsay statements, otherwise admissible under principles of evidence, violate the mandate of the Confrontation Clause." Mooneyham, 473 F.3d at 286. With regard to "testimonial statements," which are those statements that the declarant should have anticipated were being used to investigate or prosecute a crime, United States v. Cromer, 389 F.3d 662, 675 (6th Cir. 2004), only confrontation in the form of cross-examination will fulfill the defendant's Sixth Amendment right. Crawford, 541 U.S. at 68-69. The present recorded statements are not "testimonial statements" because Defendants Keith and Kevin Flannery were not aware that Mr. Percival, to whom they made the recorded statements, was an undercover agent. See Mooneyham, 473 F.3d at 287 (holding that "no Crawford error" resulted from the introduction of the codefendant's remarks, "[b]ecause [the codefendant] was not aware that [the undercover agent] was a police officer, [and thus] his remarks were not the product of interrogation and were not testimonial in nature").

In the wake of Crawford, non-testimonial statements "may be admitted in absence of cross-examination only when they bear adequate indicia of reliability or when they fall within a "firmly rooted" exception to the hearsay rule." Mooneyham, 473 F.3d at 287 (citing Ohio v. Roberts, 448 U.S. 56, 66 (1980) and Crawford, 541 U.S. at 42). In their separate motions for a pretrial hearing to determine the admissibility of the recorded statements, the instant Defendants argue that the recorded statements are inherently unreliable because they were part of a sales pitch designed to get a prospective buyer to purchase the business. The undersigned cannot assess at this time how the Government will seek to admit the recorded statements, if the District Court concludes that they are not admissible as coconspirator statements under Rule 801(d)(2)(E). Nevertheless, the

8

Court can envision a narrow situation in which the use of the recorded statements against Keith and/or Kevin Flannery would be unduly prejudicial to Mrs. Flannery in a joint trial. If the trial court finds that the recorded statements are not coconspirator statements under Rule 801(2)(E) but that they are admissible against Defendant Keith Flannery or Defendant Kevin Flannery under another evidentiary rule or rules *and* that those rules are not "firmly rooted" hearsay exceptions, then the trial court will have to assess whether the circumstances surrounding the making of the recorded statements indicate that they are reliable. If all of these contingencies occur *and* the recorded statements are deemed unreliable *and* Defendants Keith and Kevin Flannery choose not to testify at trial, then Defendant Margaret Flannery would need to be severed from the trial of Codefendants Keith and Kevin Flannery, to protect her confrontation rights under Crawford. Given the speculative nature of this possibility, the undersigned finds that it does not presently constitute actual, undue, or compelling prejudice requiring a severance.

Finally, the Court addresses Mrs. Flannery's contention made during oral argument that the jury will be confused by the substantial evidence relating to Southland, which is irrelevant as to her. The Superseding Indictment alleges that Mrs. Flannery was a twenty-five percent owner and the President of Southland. It also states that she and her husband kept a separate set of books for Southland at their home "so that they would know the true financial condition of" Southland, while providing a different set of books to their accountants. Based on these allegations, it does not appear that the evidence relating to Southland would be irrelevant as to Mrs. Flannery. Whether Mrs. Flannery was indeed involved with the financial aspects of Southland as the Government contends is a matter for the jury to determine and cannot be resolved by this Court before trial. See generally Fed. R. Crim. P. 12(b)(2) (permitting a party to raise any matter in a pretrial motion "that the court

9

can determine without a trial of the general issue").

The defendant has the "'burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" Smith, 197 F.3d at 230 (quoting Davis, 809 F.2d at 1207). The Court finds that Defendant Margaret Flannery has failed to carry that burden at this juncture. Accordingly, Defendant Margaret Flannery's Motion to Sever for Unfair Prejudice [**Doc. 37**] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge